# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ACCESSLEX INSTITUTE d/b/a ACCESS GROUP, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. N19C-07-212 EMD |
| v. | ) ) | |
| PHILIPPA J. WALMSLEY, | ) ) | |
| Defendant. | ) | |

Submitted: March 10, 2020
Decided: August 21, 2020

*Upon Plaintiff's Motion for Summary Judgment Against Defendant*
***GRANTED***

Daniel C. Kerrick, Esquire, Hogan McDaniel, Wilmington, Delaware. *Attorneys for Plaintiff Accesslex Institute d/b/a Access Group.*

Philippa J. Walmsley, Wilmington, Delaware. *Pro se.*

**DAVIS, J.**

## I.    INTRODUCTION

This is civil action relating to a loan agreement.  Plaintiff Accesslex Institute d/b/a Access Group ("Access Group") and Defendant Philippa J. Walmsley entered into multiple loan agreements (the "Agreements").[1]  Under the Agreements, Access Group loaned money to Ms. Walmsley.[2]  Ms. Walmsley used the funds to pay for school.  Access Group contends that Ms. Walmsley breached the Agreements by failing to make required payments after November 27,

---

[1] D.I. No. 1 ("Compl.") at ¶ 5.
[2] Compl. at ¶ 4.

2017.[3] Ms. Walmsley, in part, contends that "[d]ue to financial hardship, [she] was unable to make full monthly payments and repeatedly requested accommodation."[4]

Access Group filed a complaint (the "Complaint") on July 25, 2019.[5] The Complaint sets out one claim for breach of the Agreements.[6] The Complaint demands that any answer be made pursuant to 10 *Del. C.* § 3901 ("Section 3901").[7] Ms. Walmsley answered (the "Answer") the Complaint on September 11, 2019.[8] The Answer does not comply with Section 3901.[9]

After the close of the pleadings, on February 12, 2020, Access Group filed its Plaintiff's, Accesslex Institute d/b/a Access Group, Motion for Summary Judgment Against Defendant (the "Motion").[10] Ms. Walmsley filed her Opposition to the Plaintiff's Motion for Summary Judgment (the "Opposition") on March 10, 2020.

The Court has reviewed the Complaint, the Answer, the Motion, the Opposition and the exhibits filed in support of the Motion and Opposition. The Court has determined that a hearing on the Motion and Opposition is not necessary. For the reasons set forth below, the Court will **GRANT** the Motion.

## II.     FACTUAL BACKGROUND[11]

Access Group operates as a non-profit organization that furnishes graduate and other students with loans. To accomplish this, Access Group has established a working relationship with National City Bank (currently known as PNC Financial Services Group, Inc.). National City Bank agreed to provide the funding and Access Group acquired ownership of the loans.

---

[3] *Id.* at ¶ 7.
[4] D.I. No. 4 ("Ans.") at 1.
[5] D.I. No. 1.
[6] *See* Compl. at 1-2.
[7] *Id.* at 1.
[8] D.I. No. 4.
[9] The Court's review of the record does not indicate any attempt by Ms. Walmsley to comply with Section 3901.
[10] D.I. No. 8.
[11] Unless otherwise stated, the Court is utilizing facts as set out in the Complaint and the Motion.

Access and Ms. Walmsley entered into the Agreements and related promissory notes. Through the Agreements, Ms. Walmsley borrowed money to pay for her education at Columbia University. Over the course of three years, Ms. Walmsley applied for three separate loans. In accepting the loans, she promised to abide by the terms of the Agreements and the affiliated Promissory Notes.

Beginning on or about November 27, 2017, Ms. Walmsley failed to make payments due under the Agreements. Ms. Walmsley has admitted that she was unable to make her payments due to personal financial strain. On July 25, 2019, Access Group filed its Complaint to recover Ms. Walmsley's unpaid balance.

On or about August 22, 2019, Access Group served Ms. Walmsley with several documents, including a summons, the Complaint, and copies of the loan documents. The Complaint specifically requested an Affidavit of Defense pursuant to Section 3901.

On or about September 10, 2019, Ms. Walmsley filed her Answer. In the Answer, she admitted that she: (i) borrowed money from Access Group to pay for graduate school and (ii) entered into the Agreements. In addition, Ms. Walmsley admitted the Complaint's seventh allegation regarding a breach of the agreements and stated:

> The last payment made was on November 27, 2017. Due to financial hardship, Defendant was unable to make full monthly payments and repeatedly requested accommodation. Defendant was given no option but immediate default by the Plaintiff.[12]

Ms. Walmsley responded to all other allegations by providing they did not require an answer or that she did not know the answer. In particular, Ms. Walmsley did not affirm or deny the Complaint's eighth allegation regarding the loan amount. Rather, she said she was unsure of

---

[12] Ans. at ¶ 7.

3

what she owed because "detailed and accurate documentation of all payments made on the loans . . . ha[d] not been provided by the Plaintiff."[13]

The Court finds it important that Ms. Walmsley does not deny that loans were made or that she paid what was due under the Agreements. Instead, Ms. Walmsley fully admits that she entered into the binding agreements and was unable to make her payments.

According to the Motion, Access Group's counsel communicated with Ms. Walmsley on September 19, 2019. Access Group's counsel sent Ms. Walmsley copies of the records relating to payments under the Agreements. The parties did not reach a resolution.

On December 27, 2019, Access Group initiated the discovery process. Access Group served discovery, including its First Set of Requests for Admission Directed to Defendant (the "Requests for Admission"), First Set of Requests for Production of Documents to Defendant, and First Set of Interrogatories to Defendant. Ms. Walmsley did not respond to the discovery.

Access Group then filed its Motion on February 12, 2020. On March 6, 2020, Ms. Walmsley filed her Opposition.

### III.    PARTIES' CONTENTIONS

#### A. MOTION

Access Group argues that Ms. Walmsley owes the unpaid balance of $24,491.07 because she defaulted on her payments due under the Agreements. In addition, Access Group contends that Ms. Walmsley failed to satisfy Section 3901. Access Group notes that Ms. Walmsley did not fully respond to all of the Complaint's allegations, particularly in relation to the disputed loan amount. Access Group claims that Ms. Walmsley also did not provide any additional information even after Access Group sent her the necessary records. Additionally, Access Group states that in failing to respond to its Requests for Admission, Ms. Walmsley violated Civil Rule

---

[13] *Id.* at ¶ 8.

4

36 which means the admissions are deemed admitted. Accordingly, Access Group argues that these admissions then remove any genuine issue of material fact. Furthermore, Access Group contends that an inability to pay one's loans cannot be used as a defense in this matter.

### B. OPPOSITION[14]

In response, Ms. Walmsley admits that she did not respond to Access Group's discovery requests. Ms. Walmsley states that she failed to do so because the discovery was sent on December 27, 2019, which Ms. Walmsley classifies as the holidays, and because she misunderstood the content of the email. Second, Ms. Walmsley argues that Access Group failed to comply with Civil Rule 37(a).[15] She supports this argument by explaining that Access Group did not confirm that she had received the materials, did not converse with her, and did not move to compel responses. Ms. Walmsley then cites to the Court of Common Pleas web page and Court of Common Pleas Civil Rule 37, claiming that "[i]t is reasonable to expect that the Superior Court of Delaware would have similar expectations during the discovery process."[16]

Ms. Walmsley also claims that the timing of the Motion deprived her of the chance to review and respond to the discovery. Ms. Walmsley further contends that though she did not

---

[14] Unless otherwise stated, all of the facts within this section stem from the Defendant's Opposition to the Plaintiff's Motion for Summary Judgment.

[15] It should first be noted that the correct citation for this rule is Del. Super. Ct. Civ. R. 37(a). Second, all that this rule sets forth is the following: "Motion for Order Compelling Discovery: A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows…." Lastly, in reviewing subsections (1)-(4) of 37(a), there is no explicit mention that a party "make a reasonable attempt to communicate with the non-answering party and then to file a motion for order compelling discovery," as is stated by the Defendant in the Opposition.

[16] It is also important to highlight this citation in more detail. The Defendant's first cited passage originates not from any Civil Rule itself, but rather from a Help and Support Page published by the Court of Common Pleas. Most significant, however, is that the Defendant includes only a selected portion of this text in the Opposition, leaving out an extremely important point. In looking to the first paragraph cited by the Defendant, the full passage set forth by the Court of Common Pleas actually begins as follows: "If you are served with a discovery request (Interrogatories, Request for Production of Documents, or Request for Admissions), you must respond in writing within thirty (30) calendar days of the date you received the request. If you need additional time to respond (or if a deposition is scheduled for a date or time that is impossible for you to attend), you should contact the person requesting the discovery and ask them to agree to a short extension of time (or in the case of a deposition, a different date)." (https://courts.delaware.gov/help/proceedings/ccp_civil.aspx).

affirm or deny the loan amount, this inability to act "should not and cannot be interpreted as an admission."

Ms. Walmsley makes multiple references to needing more time. First, Ms. Walmsley claims that she has not had the chance to decide whether she needs to engage in further discovery. Second, Ms. Walmsley believes that she should "not be rushed" into deciding how she would like for this matter to proceed. Lastly, Ms. Walmsley states that she requires additional time because she is a self-represented litigant.

## IV.    STANDARD OF REVIEW AND SECTION 3901

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[17] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[18] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[19] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[20] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[21]

---

[17] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[18] *Id.*
[19] *See Ebersole v. Lownegrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244, at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[20] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[21] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

6

Section 3901 provides in pertinent part:

(b) If defense is to a part only of the cause of action, the defendant, or if there be more than 1, any 1 or more of them shall, in such affidavit, specify the sum which the defendant or they admits or admit to be due, and judgment shall be entered for the plaintiff at the plaintiff's election for the sum acknowledged to be due.

(c) A defendant need not file an affidavit to answer any allegation, whether or not designated pursuant to this section, unless the plaintiff or plaintiffs files with the complaint a copy of the instrument of writing, book entries or claims, or, in case of a scire facias, a certified abstract or transcript of the judgment, mortgage or recognizance, and in case of a suit on a foreign judgment a copy of the judgment, certified to under 28 *U.S.C.* § 1738.

(d) If the plaintiff or plaintiffs complies with this section, and the defendant or defendants fails to respond to the designated allegations by affidavit filed with the answer or answers, the designated allegations will be deemed admitted, and default judgment may be entered thereon, in the discretion of the court and upon motion by the plaintiff.[22]

## V.    DISCUSSION

The Court does not find a genuine issue as to a material fact and that Access Group is entitled to judgment as a matter of law. The parties agree that Access Group performed under the Agreements and that Ms. Walmsley failed repay her obligations when due. Ms. Walmsley admits this in the Answer. The Court notes that this is a breach of contract action and no one disputes that Ms. Walmsley failed to perform. That means that Ms. Walmsley is liable for breach of the Agreements.

In addition, Ms. Walmsley has failed to satisfy Section 3901. A party may request that a defendant submit an affidavit of defense in response to a complaint.[23] If the defendant does not

---

[22] 10 *Del. C.* § 3901(b)-(d).
[23] 10 *Del. C.* § 3901(a). Section 3901(a) reads:

In all actions upon bills, notes, bonds or other instruments of writing for the payment of money or for the recovery of book accounts, on foreign judgments, and in all actions of *scire facias* on recognizances, judgments or mortgages, the plaintiff may specifically require the defendant or defendants to answer any or all allegations of the complaint by an affidavit setting forth the specific nature and character of any defense and the factual basis therefor, by the specific notation upon the face of the complaint that those allegations must be answered by affidavits.

7

comply, the Court will treat any unanswered allegations as if the defendant had admitted them.[24] On this additional basis, the Court may then grant judgment.[25]

In *Coppedge v. U.S. Bank National Association*, a bank initiated foreclosure proceedings against a couple who had fallen behind on their mortgage payments.[26] The complaint was filed in accordance with Section 3901, yet the couple did not return the affidavit.[27] Rather, they submitted an answer which neglected to abide by Section 3901's requirements.[28] The bank then moved for summary judgement and asked the Court to consider the allegations as admitted. The Court did.[29] On appeal, the Supreme Court affirmed the Court's decision, holding that the couple "offered no coherent defense . . . as required by § 3901."[30]

As in *Coppedge*, Ms. Walmsley did not satisfy Section 3901. Ms. Walmsley did not specify the amount that she believed she owed to Access Group. In addition, Ms. Walmsley chose not to raise any defense beyond her inability to pay, her misunderstanding of email communications, and her *pro se* status. Ms. Walmsley wants more time but to what end. Ms. Walmsley has never raised a legitimate issue on whether she breached the Agreements. The Court holds that the Answer, Ms. Walmsley's failure to satisfy Section 3901 or otherwise raise any legitimate defenses demonstrates that Access Group is entitled to relief under Civil Rule 56.

The Court notes that Ms. Walmsley also failed to satisfy Civil Rule 36. This would be an additional reason to rule in favor of Access Group.[31] Given the discussion above, however, the Court does not need to address this argument.

---

[24] *Id.* at (d).
[25] *Id.*
[26] *See Coppedge v. U.S. Bank Nat. Ass'n*, No. 525, 35 A.3d 418 (Table), 2011 WL 6393197, at *1 (Del. 2011).
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.* at *2.
[31] *See Oliver v. NRG Energy, Inc.*, 2009 WL 3806227, *1 (Del. Super. Nov. 12, 2009).

## VI.    CONCLUSION

For the reasons set forth above, the Motion is **GRANTED**.  The Court enters judgment in

favor of Access Group in the amount of $24,491.07 plus post-judgment interest at the legal rate

of 7%.

**IT IS SO ORDERED**

Dated: August 21, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    File&ServeExpress